the last case of the day, D. S. v. East Porter County School Corporation. Mr. Bach. If it pleases the court, I'm Jason Bach on behalf of the appellants in this case. The appellants, unfortunately, are in a position where their prior counsel at the district court level didn't respond to one of the motions for summary judgment that was filed by the respondents. And the one opposition that was filed wasn't very sufficient either. However, under Rule 56, the move-ins on a motion for summary judgment still have to establish that there are no genuine issues of material fact. Even if the plaintiff doesn't respond to their motion, they still have to meet that burden under Rule 56. It's our position that their motions for summary judgment actually demonstrated that there were genuine issues of material fact that needed to be resolved at a trial. Beginning with the claims against East Porter County School Corporation, it was contained within the defendant's motion for summary judgment that the plaintiff testified at her deposition that there was this harassment, this bullying, if you will, that had been going on for a number of years, and that, in fact, school employees had participated in that bullying by laughing along with the students who were bullying her, not stopping students from throwing things at her or kicking her or moving her desk in a class. Every day, apparently, these students would move her desk into a corner of the classroom while the social studies teacher sat by and laughed along with everyone else in the class. It is our position that there are genuine issues of material fact on that issue of the bullying that went on and the violation of the substitute process that came along with that. Moving along to the issues that developed when the appellants attempted to enroll their daughter at the Porter Township School Corporation. Here we have a situation where the plaintiffs went to this government entity and were willing to do everything that the government entity required of them to pay tuition for attending the school district out of their jurisdiction, out of where they live, and was told that she would be able to start school that Monday morning. But for whatever conversations went on after that, where suddenly the school district was now afraid to have the student, to have the plaintiff enroll at their school. Why were they afraid to enroll her in the school? Well, we assume it's because the other school districts say, look, this is a problem child. This is a child that's constantly complaining of being bullied. Their parents complain that their daughter is being bullied. Probably not a student that you'd want to have in your school. This personal animus that developed within the community, within these two school districts, against this child, was solely based on the fact that she complained a lot. She complained about being harassed at school. And that there's no other reason why the student would not have been allowed to enroll at the Porter Township School Corporation but for her complaints of being harassed and bullied. When her neighbor went and inquired as to whether or not there was open enrollment, she was told that there was. But however, there was no open enrollment for this one particular student. And we believe that that's a class of one equal protection violation when the school district's personal animus is the sole reason that they chose not to enroll the student into their school. And as far as the liability on the school corporation, and what the principal told the father was that this was a decision that had come down from the superintendent. That the superintendent said that he was closing enrollment for this school. And so we believe that there was no option that they weren't told you can go and appeal this to the school board. Or that there's some sort of appellate process or there's some other additional higher power that you can go to. They were told this was final, this was something that's coming down from the superintendent. And we believe that the superintendent in this particular case at least had the appearance of being the final policy maker who was making this decision. As far as the municipal liability going back to the East Porter County School Corporation. When they were making these complaints of bullying and harassment, they were making these complaints to a number of different individuals including the principal of the school. Again in that situation they weren't told if you're not happy with the results of your complaints you can go somewhere else, you can file a complaint. If you could file a complaint elsewhere, it was apparent to them that the school principal had the final policy making authority to protect their child at that school. And yet chose not to. With that I will reserve this. Thank you. Ms. Hendry. Good afternoon. My name is Marianne Hendry and I'm representing East Porter County School and Morgan Township Middle School. I'll be splitting my time with Ms. Pillar King who is representing the other defendants. The Due Process Clause as been established by DeShaney does not turn every tort committed by a state actor into a constitutional violation. Yet that is exactly what the plaintiff is attempting to do in this case. It has been well established in the circuit that a school does not have a duty under the Due Process Clause to protect a student from harassment or assault from another student even if the school has knowledge of that harassment. The plaintiff is attempting to get around that precedent by arguing or shoehorning his argument into a state created danger theory. Under a state created danger theory, the plaintiff must show that the state created a danger, that the state failed to protect the student from the danger, and that the state's actions, in this case East Porter actions, were so egregious as to shock the consciousness. Even trying to shoehorn what is essentially a failure to protect from the bullying or failure to address the bullying claim into a state created danger claim, the plaintiff has failed to establish any genuine issue of fact as to the first claim that East Porter created a danger as to Ms. Stahl, or the third prong that the actions were so egregious as to shock the conscious. The plaintiff cites two instances where the gym teacher gave her a choice of participating or not participating in gym class. That doesn't create a danger to her. That the volleyball coach or the basketball coach told her that she was the reason they lost the game, that doesn't create a danger. And further, it doesn't even rise to the level of bullying. As to whether or not the conduct of the plaintiff was so egregious, it just doesn't rise to that level. I know that the shock the consciousness standard is a little imprecise. But what our cases have said is it has to be greater than negligence. It has to be more than gross negligence. And I would argue that the instances cited to by the plaintiff hardly rise to the level of negligence, let alone recklessness. And I point, frankly, to the plaintiff's own description of what happened at the school, where he says that the school was ineffectual in responding to the complaints of bullying made by DS. Ineffectual, to me, sounds like negligence. It certainly doesn't connotate recklessness. As to the Monel claims that there is municipal liability as to East Porter under 1983, it's not clear to me exactly what the practice is that is being complained of. On the one hand, plaintiff is arguing that they didn't address the bullying claims. Well, clearly, if you can't establish liability for due process violation for failing to act under due process, you can't use that argument under a Monel claim. On the other hand, he's arguing they didn't address it when the record supports that, in fact, they did. Finally, to the argument that the practice was to engage in bullying behavior as to DS, again, as we stated earlier in the discussion, the instances that they have been pointed to simply fail to rise to the level of bullying. And I would point the court to the statute that the plaintiff relies on in his reply brief, and not agreeing that that's even applicable in this case because it refers to students, but it also refers to intent, intent to harm. And there's nothing in this record that proves that the East Porter faculty members and or administration intended harm. And for those reasons, I would ask that the court uphold the district court's opinion. Thank you. Thank you, Ms. Hendry. Ms. King. Good afternoon. Jacqueline Pillar King on behalf of Apley's Porter Township School Corporation and Boone Grove Middle School. Your Honors, certainly Apley has recognized that the non-moving party is entitled to reasonable inferences on summary judgment. But in this case, we're looking at a purely speculative argument on behalf of Appellants. My clients were the ones that filed the motion for summary judgment that Appellants simply didn't respond to. They filed the motion for extension of time to file a response. That motion for extension of time was granted. That response deadline came and went. They filed no response, and summary judgment was entered on behalf of my clients. We believe that procedurally, that results in waiver, certainly as to any facts that are in our motion, which is consistent with our local rules in the Northern District, and also as to the arguments. Appellants have failed to maintain a consistent position relative to their allegations throughout the course of this litigation. When we filed the motion for summary judgment, frankly, the complaint was a little bit ambiguous. The complaint said, plaintiffs are alleging a violation of their constitutional and civil rights. So we filed the motion for summary judgment after discovery had closed and said, based on all of the discovery, here's what we think they're asserting. Judge Cherry waited for the response, having gotten no response, then ruled on the motion for summary judgment based on our arguments alone. Then plaintiff's counsel withdrew, new counsel appeared, and in the motion for relief from judgment, new counsel said, we're not even asserting an equal protection class of one claim. When that motion for relief was denied, he then came to this court and said, but we are asserting an equal protection class of one claim. I mean, after a certain point, your honors, it just becomes, is this reasonable inferences? Is this speculation? I mean, at the underlying district court level, my clients were even granted fees under section 1988. And in the amount of time that I've been doing this type of work, I've never seen that, on behalf of my clients at least, in a defense case. So we believe procedurally, this case should go away as to my clients. But substantively, your honors, there's no evidence of Monell liability, and there's no evidence of an equal protection claim here. A Monell liability claim requires one of three things. A policy, not alleged by appellants here. A practice, also not alleged by appellants here. Or an act of a person with final policymaking authority. What does that mean? The case law says that that means we go to state law. It's not a genuine issue of material fact. It's a matter of law for the courts. Appellants are asserting that the superintendent is the person with final policymaking authority. Your honors, there's no support for that in Indiana law or in this record. The school board, pursuant to Indiana code, is the person or entity with final policymaking authority. So therefore, there's no basis for Monell liability. But even assuming that your honors were to have some hesitation as to that, substantively, the class of one equal protection claim fails. In order to establish an equal protection class of one claim, appellants must demonstrate that DS, a student who resides out of my client's district, so my client has no obligation to accept her as a student, who tried to enroll in February, so more than halfway through the school year, and the eighth grade class was treated differently from a similarly situated person with no rational basis. They've pointed to no similarly situated person. There's no evidence before this court that someone that resided out of district was not admitted to the school corporation around the same time or was. Instead, they rely on an argument that their neighbor had called the school and said, do you have open enrollment? And the school said yes. Well, when appellants called the school prior to the tour, the school also told them that. They were treated exactly the same as anybody else. So on the equal protection claim, that claim also fails. For all of those reasons, Judge Terry's opinion should be affirmed. And unless the court has questions, thank you. Thank you, Ms. King. Mr. Bach. Your Honor, I can't speak for private counsel and their failure to do what they should have done in this particular case, starting with the complaint that was filed initially. And in this case, I agree with Ms. King. The complaint is extremely vague. I'm surprised there wasn't a motion to dismiss that complaint. When I came into the case, what my objective was, was at that point, Judge Cherry had ruled on the motion for summary judgment, had laid out in his order why these various constitutional issues are being dismissed, even though they weren't even necessarily in the complaint to begin with. In my motion for relief from the judgment, what I sought to do was say, give us a shot to go back and replete this the way it should have been pled in the first place, allow us to do discovery like it should have been done. There was no discovery by the plaintiff's former counsel in this case. And, of course, the judge was within his authority to deny the motion for relief. But I just wanted to be clear that we're not trying to argue two sides of the coin here. We're arguing, okay, well, if we're not going to have the opportunity to go back and replete this the way it should have been pled, and Judge Cherry has already dismissed all these constitutional issues, we have no other choice but to argue that his decision should be reversed on that part because we believe that the evidence that was provided by the defendants in this case is enough to create the genuine issues and material fact in this case. Thank you. All right, thank you, Mr. Fox. Thanks to all the counsel. The case is taken under advisement. The court will stand in recess.